UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steve Emerson, | C/A No. 8:25-cv-9752-JFA-WSB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MD Robert Strehlow, *Urologist*, | |
| Defendant. | |

Steve Emerson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendant violated his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Perry Correctional Institution ("Perry"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on July 30, 2025,[1] by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated August 13, 2025, the Court notified Plaintiff that this action was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelope containing the Complaint was time-stamped as having been received by the Perry mailroom on July 30, 2025. ECF No. 1-1 at 1.

1

be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 9. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 10 (emphasis omitted). Plaintiff filed an Amended Complaint on September 2, 2025. ECF No. 11.

Ordinarily, an amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Here, the Amended Complaint repeats many of the same allegations in the original Complaint and Plaintiff provides arguments concerning the allegations contained in the original Complaint in light of the Court's Order regarding amendment. *See* ECF No. 11-1. Out of an abundance of caution, the Court considers the allegations contained both in the original Complaint and in the Amended Complaint.

**Allegations from Original Complaint**

Plaintiff makes the following allegations in his original Complaint. ECF No. 1. Plaintiff contends he brings this action for violations of the Fourteenth Amendment, violations of a duty of due diligence of a health care provider, and failure to disclose alternative modes of medical diagnosis. *Id.* at 4. Plaintiff contends the "physician was not acting under color of law when not

2

informing or gaining consent to do another surgery other than that which was disclosed causing [Plaintiff] to lose ability to become aroused and left in constant pain." *Id.* Plaintiff was transported to Spartanburg Medical Center (the "hospital") on March 31, 2025, to undergo hydrocele surgery.[2] *Id.* at 5. Plaintiff was supposed to undergo hydrocele surgery, but once he was opened up, no hydrocele was obvious, and the physician "then continued and instead removed multiple cysts, whereby causing loss of ability to function or be aroused and continued pain in the lower regions." *Id.* at 5–6. Plaintiff asserts this was done without his consent. *Id.*

For his injuries, Plaintiff contends he lost his ability to become aroused and remains in constant pain, with burning sensations. *Id.* at 6. Plaintiff alleges that, before his surgery, he "functioned properly and has now lost enjoyment of life." *Id.* For his relief, Plaintiff seeks damages in the amount of $150,000 for pain and suffering and loss and enjoyment of life, and for any possible corrective surgery. *Id.*

**Allegations from Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint. ECF No. 11. Plaintiff contends he brings this action for the deprivation of his rights under the Eighth Amendment for violations of medical and healthcare rights. *Id.* at 4. Plaintiff asserts that "Dr. Strelow was acting under color of law when proceeding to not inform or gain consent to another surgery with disregard." *Id.* According to Plaintiff, the diagnosis and surgery took place at "SMC Main Campus" on March 31, 2025. *Id.* at 5. Plaintiff alleges the surgery performed by Dr. Strehlow "went beyond what the patient consented to or was made aware of." *Id.* Plaintiff asserts as follows:

---

[2] Hydrocele surgery, also known as a hydrocelectomy, is a surgery that removes or repairs a hydrocele, which is a fluid-filled sac surrounding the testicle. *See* https://my.clevelandclinic.org/health/procedures/16232-hydrocelectomy (last visited Sept. 16, 2025).

> The diagnosis and surgery were listed as a hydrocele, which had occurred previously, and the patient knew what to expect. However, once patient was in surgery there was no any hydrocele found. Instead, Dr. Strehlow found there were multiple large cysts (they were not cancerous or life and death) but at that time of the surgery, Dr. Strehlow did not sop the surgery. The incision should have been closed and patient return[ed] to recovery room and made aware of the findings of the cysts, and ask patient about removing the cysts. That did not happen. So at that [sic] Dr. Strehlow took it upon hisself [sic] and removed the cysts without patients consent. We didn't get to that point so we will never know what patient would have decided if Dr. Strehlow had done the surgery correctly. By this being done, I now have 2 major dysfunctions (erectile [and] ejaculation). Because of the surgery, [I] have had 2 major infections. Never was given any medication after surgery, only when I had the infection [in May, June, and July, 2025].

*Id*. at 6. Plaintiff contends he has a damaged right testicle because of Dr. Strehlow's actions, resulting in dysfunctions. *Id*.

For his injuries, Plaintiff suffers from complete erectile dysfunction, damaged right testicle, inability to ejaculate, and constant pain in his groin and testicle area. *Id*. at 7. Plaintiff contends this was all caused by Dr. Strehlow "moving forward and removing complex cysts attached in the scrotum causing irreparable, permanent damage without consent." *Id*. For his relief, Plaintiff seeks $150,000 for loss of quality of life and pain and suffering, as well as "any corrective surgery that comes available in the future." *Id*.

Plaintiff has attached to his Amended Complaint a document that addresses the deficiencies of the original Complaint as identified by the Court in the Order regarding amendment. ECF No. 11-1.

## **STANDARD OF REVIEW**

**Screening and Liberal Construction of *Pro se* Pleadings**

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and he purportedly "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute charges the Court with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Plaintiff has also requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which authorizes this Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in his pleadings, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

6

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must show two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Deliberate Indifference to Medical Needs Claim**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104–05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer*, 511 U.S. at 836; *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (internal citation omitted), *overruled on other grounds by Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124 (4th Cir. 2020)). Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a

7

sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials. *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011). As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (alteration in original) (citations omitted). Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, C/A No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011).

## DISCUSSION

This action is subject to dismissal for the reasons below.

**Failure to State a Claim**

Liberally construed, the Complaint and Amended Complaint both seek to assert a medical malpractice claim against Defendant. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (explaining that *Daniels* bars an action under § 1983 for negligent conduct). Medical malpractice, which is a state law tort, is not cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner"). "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Wallace v. Prison Health Care Servs., Inc.*, C/A No. 4:07-cv-388-CMC-T, 2008 WL 725823, at *5 (D.S.C. Mar. 17, 2008).

Plaintiff's allegations are insufficient to show that Dr. Strehlow was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff contends that, although he consented to the hydrocele surgery and understood the procedure, he did not consent to Dr. Strehlow removing the cysts. "Courts have ruled against plaintiffs asserting such claims on similar facts." *Hall v. Stisser*, C/A No. 7:19-cv-00870, 2021 WL 2720118, at *5 (W.D. Va. July 1, 2021) (explaining the plaintiff "simply has not plausibly alleged that Dr. Stisser was deliberately indifferent toward his right to refuse treatment") (collecting cases); *see Sellers v. Anderson*, C/A No. 2:18-cv-1, 2020 WL 6329854, at *9 (N.D.W. Va. May 26, 2020) (finding no deliberate indifference where the plaintiff "also signed an informed consent to undergo surgery" for one procedure, but where the doctor performed another procedure for a different diagnosis during the surgery), *R&R adopted by* 2020 WL 6333911 (N.D.W. Va. Oct. 28, 2020); *Jolly v. Sterling*, C/A No. 1:14-cv-4177-TLW-SVH, 2016 WL 791276, at *6 (D.S.C. Jan. 21, 2016), *R&R adopted by* 2016 WL 775255 (D.S.C. Feb. 29, 2016) (finding no deliberate indifference where "Plaintiff ha[d] not shown that Dr. Craft's treatment was so grossly incompetent or inadequate as to shock the conscience" when he removed the plaintiff's testicle during a hernia operation). "Moreover, a claim that asserts an issue of 'informed consent' is a claim that 'sound[s] in negligence, and [is] not sufficient to state an Eighth

9

Amendment claim.'" *Hoskinson v. Boakya*, C/A No. 1:21-cv-1320-AJT-IDD, 2023 WL 3165185, at *6 (E.D. Va. Apr. 28, 2023) (collecting cases).

As Plaintiff's allegations do not rise to the level of deliberate indifference to his medical needs, and negligence/medical malpractice are not constitutional violations under § 1983, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Diversity Jurisdiction**

Claims of negligence and medical malpractice are actionable under South Carolina law, but they should be brought only in state court unless diversity of citizenship is present. *See* S.C. Code, § 15-78-30(a) (South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116–18, 116 n. 1, 117 n. 2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004) (explaining that a malpractice action against nongovernmental medical personnel must be pursued under the state's general tort law). If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this Court pursuant to its diversity jurisdiction. *Ingram v. Manning*, C/A No. ELH-12-cv-2625, 2014 WL 2004709, at *3 (D. Md. May 15, 2014) ("[P]laintiff has only raised issues of negligence/medical malpractice and, in the absence of diversity of citizenship among the parties, this court has no authority to resolve such a case.").

However, no diversity jurisdiction is available in this case because Plaintiff and Defendant are both South Carolina residents. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 372–74 (1978); *Drummond v. Spartanburg Cnty.*, C/A No. 5:15-cv-04285-MGL-KDW, 2016 WL 1621969, at *4 (D.S.C. Jan. 6, 2016) ("There are no allegations from which this court could determine that this Complaint [asserting medical malpractice claims] could be considered under diversity jurisdiction because it appears that Plaintiff and all Defendants are residents of the State

of South Carolina."), *R&R adopted by* 2016 WL 1596725 (D.S.C. Apr. 21, 2016). As a result, because Plaintiff has not pleaded facts sufficient to show deliberate indifference to his medical needs against Defendant, and because there is no basis on which this court could consider a malpractice claim against Defendant under diversity jurisdiction, this case is subject to summary dismissal for lack of jurisdiction. *See Culp v. Alewine*, C/A No. 5:13-cv-1342-JFA-KDW, 2013 WL 4499387, at *4 (D.S.C. Aug. 20, 2013).

**Failure to Comply with S.C. Code Requirements**

To the extent Plaintiff's claim is construed as a state law claim for medical malpractice, such a claim should be dismissed because Plaintiff has not complied with the mandatory South Carolina pleading requirements as found in S.C. Code §§ 15-36-100 in that he has failed to file an affidavit of a competent expert witness or notice of intent to file suit. *See Bane v. United States*, C/A No. 2:17-cv-3371-CMC-MGB2018 WL 5306930 (D.S.C. Oct. 26, 2018) (dismissing case, in part, because of the plaintiff's failure to file expert affidavit); *Harrison v. United States*, C/A No. 8:17-cv-02679-HMH-JDA, 2018 WL 2604870, at *6 (D.S.C. May 11, 2018), *R&R adopted by* 2018 WL 2573032 (D.S.C. June 4, 2018) (dismissing medical malpractice claim for failure to file expert affidavit).

"In the Tort Reform Act of 2005 Relating to Medical Malpractice, the South Carolina General Assembly enacted several statutes that placed procedural and substantive limitations on plaintiffs in medical malpractice actions." *Mclean v. United States*, C/A No. 9:17-cv-2702-DCC, 2018 WL 4020220, at *6 (D.S.C. Aug. 23, 2018). Among these changes, the General Assembly enacted South Carolina Code Section 15-36-100, which requires plaintiffs in medical malpractice cases to "file as part of the complaint an affidavit of an expert witness which must specify at least

one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code Ann. § 15-36-100(B).

Plaintiff's claim against Defendant appears to be one for alleged medical malpractice. *See, e.g.*, *Thomas v. United States*, C/A No. 2:18-cv-00671-RMG, 2019 WL 643484, at *2 (D.S.C. Feb. 15, 2019) ("[C]ourts in this district have construed alleged negligence claims as ones for medical malpractice where Plaintiffs allege misdiagnosis, improper treatment, or failure to diagnose."). The South Carolina Legislature enacted the Frivolous Civil Proceedings Sanctions Act "in an effort to prevent the filing of frivolous lawsuits and initiate the investigation and settlement of cases prior to the filing of complaints." *Oakman v. Lincare*, C/A No. 1:13-cv-00428-JMC, 2013 WL 3549848, at *3 (D.S.C. July 10, 2013). It "requires the contemporaneous filing of an expert affidavit with the complaint in certain lawsuits alleging professional negligence." *Id.*; *see also* S.C. Code Ann. § 15-36-100. The pertinent section provides:

> Except as provided in Section 15-79-125, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

S.C. Code Ann. § 15-36-100(B). Subsection (G) includes medical personnel. "Multiple judges within this district . . . have held . . .Section 15-36-100 [is] part of the substantive law of South Carolina and, consequently, appl[ies] to actions filed in federal court." *Grant v. United States*, C/A No. 3:17-cv-0377-CMC, 2017 WL 2265956 at *9 (D.S.C. May 24, 2017).

Plaintiff did not file an affidavit contemporaneously with the filing of his Complaint. As such, his claim for medical malpractice against Defendant should be dismissed. *See Brown v. Prisma Health Hosp. Richland*, C/A No. 3:23-cv-2967-JFA-SVH, 2023 WL 7199694, at *4 (D.S.C. Aug. 29, 2023) (dismissing medical malpractice claims against Prisma where the plaintiff failed to file an expert affidavit), *R&R adopted by* 2023 WL 6866544 (D.S.C. Oct. 18, 2023), *aff'd*, No. 23-2125, 2023 WL 8826961 (4th Cir. Dec. 21, 2023).

Because Plaintiff did not file the expert affidavit required by statute, his claim against Defendant should be dismissed without prejudice.[3] *See Gamez-Gonzalez v. United States*, C/A No. 4:14-cv-2668-JMC-TER, 2017 WL 3084488, at *3 (D.S.C. May 17, 2017) *R&R adopted by* 2017 WL 3067974 (D.S.C. July 19, 2017) (dismissing the plaintiff's malpractice claim pursuant because "it has no supporting expert affidavit"); *Allen v. United States*, C/A No. 2:13-cv-2740-RMG, 2015 WL 1517510, at *3 (D.S.C. Apr. 1, 2015) (dismissing the plaintiff's FTCA claim for failing to file affidavit required by South Carolina Code § 15-36-100); *Burris v. United States*, C/A No. 2:14-cv-00430-MGL-WWD, 2014 WL 6388497, at *2 (D.S.C. Nov. 14, 2014) (same); *Millmine v. Harris*, C/A No. 3:10-cv-1595-CMC, 2011 WL 317643, at *2 (D.S.C. Jan. 31, 2011) (holding that pre-suit notice and expert affidavit requirements in S.C. Code Ann. § 15-36-100 and § 15-79-125 are "the substantive law of South Carolina").

---

[3] "A dismissal for failure to comply with S.C. Code 15-36-100 is without prejudice." *Gamez-Gonzalez*, 2017 WL 3084488, at *3 n.5 (citing *Rodgers v. Glenn*, C/A No. 1:16-cv-16-RMG, 2017 WL 1051011, at *4 (D.S.C. Mar. 20, 2017)).

13

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without issuance and service of process and without further leave to amend.

**IT IS SO RECOMMENDED**.

s/William S. Brown  
United States Magistrate Judge

September 16, 2025  
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk  
United States District Court  
250 East North Street, Suite 2300  
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).