IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Emerson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MD Robert Strehlow, *Urologist*,<br><br>　　　　Defendants. | C/A No. 8:25-9752-JFA-WSB<br><br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I.　　INTRODUCTION

Plaintiff Steve Emerson, proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and issued an order which notified Plaintiff that this action was subject to summary dismissal for various reasons. (ECF No. 9). However, the court allowed Plaintiff to file an amended complaint to cure the deficiencies. Plaintiff availed himself of this opportunity by filing an amended complaint on September 2, 2025. Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No.

1

15). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on September 26, 2025 (ECF No. 17). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 15). Briefly, the Plaintiff, an inmate in the South Carolina Department of Corrections, has asserted various claims arising out of a surgery performed by Defendant. Plaintiff was supposed to undergo hydrocele surgery. However, after surgery began, no hydrocele was obvious, and the physician then continued and instead removed multiple cysts, whereby

causing loss of ability to function or be aroused and continued pain in the lower regions. Plaintiff asserts this was done without his consent.

Despite these allegations, the Report recommends summary dismissal because Plaintiff's allegations, accepted as true, do not state a claim for deliberate indifference for a serious medical need as required to support a § 1983 claim. In essence, the Magistrate Judge concluded that Plaintiff's claims of medical malpractice allege mere negligence and do not rise to the level of a constitutional violation.

In response, Plaintiff filed "objections to Report and Recommendation." (ECF No. 17). When liberally construed, this filing appears to assert a single specific objection. Essentially, Plaintiff avers that his filings state a proper negligence claim for medical malpractice and his case should not be dismissed. (*See generally,* ECF No. 17) ("This case is a medical malpractice negligence case and shouldn't be ruled on by summary judgment.")("Plaintiff has requested a jury trial based on complaint being of medical negligence.")("Plaintiff states and said that Dr. Strehlow was negligence [sic] with his care.")("He is the sole Defendant and is the cause of the negligence.")("Mr. Robert Strehlow, MD was negligence [sic] with my medical care.")

The court agrees that Plaintiff may have asserted facts sufficient to support a negligence claim. However, as explained in the Report, mere negligence is not enough to support a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Plaintiff has failed to offer any additional facts or support which would show Plaintiff's

4

Eighth Amendment Rights were violated. Accordingly, Plaintiff has failed to show any error in the Report and his objection is overruled.

Consequently, Plaintiff has failed to sufficiently allege a claim for deliberate indifference to a serious medical need. Plaintiff may have a state law claim for negligence but does not allege a violation of his constitutional rights. Thus, Plaintiff's § 1983 claim must be dismissed. As explained in the Report, this dismissal deprives the court of subject matter jurisdiction. Because the court does not possess an alternative source of subject matter jurisdiction, such as diversity jurisdiction, the entirety of Plaintiff's claim must be dismissed.

### IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 15). For the reasons discussed above and in the Report, the complaint is dismissed without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

October 1, 2025                             Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge